owed to Wells Fargo Bank. Accordingly, the district court did not err when it denied Murillo's motion for judgment of acquittal.[2]

█ We also reject Murillo's claim that her prosecution was barred by the statute of limitations. The statute of limitations for a violation of 18 U.S.C. § 1343, if the offense "affects a financial institution," is 10 years after the commission of the offense. 18 U.S.C. § 3293(2). All other violations of § 1343 are subject to a 5–year statute of limitations. *See* 18 U.S.C. § 3282(a).

For the reasons discussed above, there was sufficient evidence for the jury to conclude that Murillo's fraud affected a financial institution. She was indicted less than 8 years after she committed the fraud, and well within the applicable 10–year statute of limitations. She has not cited any authority in support of her suggestion that an actual loss must have been suffered for the 10–year statute of limitations to apply, and neither § 1343 nor § 3293 contain any such requirement. *See* 18 U.S.C. §§ 1343, 3293(2).

**AFFIRMED.**

---

UNITED STATES of America, Plaintiff–Appellee,

v.

**Yvon DORT, Defendant–Appellant.**

**No. 11–10213**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 2011.

Robert E. O'Neill, David Paul Rhodes, Patricia A. Willing, U.S. Attorney's Office, Tampa, FL, J. Bishop Ravenel, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee.

Charles E. Taylor, Jr., Law Office of Charles E. Taylor, Jr., Orlando, FL, for Defendant–Appellant.

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles E. Taylor, appointed counsel for Yvon Dort in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examina-

---

**2.** In addition, Murillo has elaborated no arguments in support of her conclusory assertion that the government was required to prove that she "defrauded" a "financial institution." Therefore, this argument is deemed abandoned. *See Jernigan,* 341 F.3d at 1283 n. 8.

tion of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Dort's convictions and sentences are **AFFIRMED.**

UNITED STATES of America,
Plaintiff–Appellee,

v.

Kimberly BROMAN, Defendant–
Appellant.

No. 10–15833.
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 2011.

Susan H. Rothstein, Robert E. O'Neill, Kathy Peluso, David Paul Rhodes, U.S. Attorney's Office, Tampa, FL, for Plaintiff–Appellee.

Robert Godfrey, Maria Guzman, Donna Lee Elm, Federal Public Defender's Office, Orlando, FL, for Defendant–Appellant.

Before EDMONDSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Robert Godfrey, appointed counsel for Kimberly Broman in this direct criminal appeal, has moved to withdraw from further representation of the appellant and filed a brief pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Our independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct. Because independent examination of the entire record reveals no arguable issues of merit, counsel's motion to withdraw is **GRANTED,** and Broman's conviction and sentence are **AFFIRMED.**

UNITED STATES of America,
Plaintiff–Appellee,

v.

Denzil JACKSON, a.k.a. Jacko,
Defendant–Appellant.

No. 10–14660
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Oct. 19, 2011.